### *In re* OPENING OF ONE HUNDRED AND EIGHTY-FIRST STREET.

(*Supreme Court, General Term, First Department.* December 29, 1890.)

STREET ASSESSMENTS—APPEAL—MODIFICATION OF ORDER.

An order confirming the report of commissioners of estimate and assessment relative to the opening of a street, being a judgment of the court, may be modified to correct a mistake of the commissioners, in failing to make an award for land taken for such street; but, on opening the proceedings, upon the application of the owner of such land, a stipulation may be required from such owner to claim only the value of the land at the time of the original assessment, and not its subsequent increased value.

Appeal from special term, New York county.

Petition by Martha J. Fitzgerald to vacate in part an order confirming the report of commissioners of estimate and apportionment, on the opening 181st street, between Tenth and Eleventh avenues, in the city of New York, which made no award to petitioner for land owned by her taken for such street. From an order granting the petition, owners of property assessed for expenses of opening the street appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*James A. Deering,* for Levi P. Morton and George Bliss, appellants. *Deming & Logan,* (*Walter S. Logan,* of counsel,) for Charles A. Chesebrough and Henry Trowbridge, appellants. *Peter B. Olney,* for Martha J. Fitzgerald, respondent. *William H. Clark,* (*David J. Dean* and *John P. Dunn,* of counsel,) for Mayor, etc., of New York, respondent.

VAN BRUNT, P. J. The papers upon appeal in this case show a clear mistake in reference to the failure to make an award for the land of the appellee Fitzgerald taken for the opening of this street; and that in some form she should have redress, seems to be apparent. It is unjust, however, because of this mistake, in which she participated, that she should be placed in a better position than she would have occupied had she appeared before the commission at the time they were assessing the value of the property to be taken, and presented her claim. There is no question of fact upon either side, and it is apparent that the land of the appellee should not be taken without compensation. As an insuperable objection, it is urged upon the part of the appellants that the order cannot be partially set aside, but that if any relief whatever is granted, the whole proceeding confirming the assess-

ment must be vacated. Although there is some force in this objection, yet as an order confirming a report of commissioners of estimate and assessment is a judgment of the court, we see no reason why, in a proper case, the ordinary power of the court to modify its decrees should not be possessed by the court awarding this judgment.

It is further claimed upon the part of the appellants that relief should not be granted to Fitzgerald, because the granting of such relief would operate as an injustice to them, in that the property taken for this improvement since the original proceedings were instituted, and the original appraisals made, has increased in value, and for such increase the assessment must be levied upon them which they would not have been required to pay had the mistake not occurred. And they claim that they should not be called upon to suffer by reason of the error by which no award was made to the respondent Fitzgerald. We think this position is well taken, and that they should not be compelled to pay for the land of the respondent at an advance, if it has risen in value since the time at which its value would have been assessed had it been regularly considered in the proceedings for condemnation. The respondent, applying to the court as she is for a favor, as a condition of the granting of that favor should be compelled to protect the rights of the persons who will be assessed in these proceedings for the land of the respondent Fitzgerald which has been taken. We think, therefore, that the order appealed from should be modified so as to compel the respondent Fitzgerald, as a condition of granting her relief, to stipulate to claim before the commissioners only the value of her land as it existed at the time of the original assessment, and not its value at the present time; and, as thus modified, the order should be affirmed, without costs. All concur.