In the Matter of the Opening of ONE HUNDRED AND SIXTY-THIRD STREET, in the City of New York.

*Municipal corporations — report made by commissioners to open a street — the court has power to relieve from his default one who files objections too late.*

The consolidation act relative to the city of New York (chap, 410, Laws of 1882, §§ 984, 986), in substance, provides for the publication by the commissioners of estimate and assessment, in proceedings for the opening of streets in said city, of a notice of their intention to present their report thereon to the court. It also requires persons interested to file their objections to said report within thirty days from the first publication of said notice.

*Held,* that, under section 3334 of the Code of Civil Procedure, such a proceeding was not an action, but a special proceeding, wherein the final judgment was a conclusive adjudication upon the rights of all persons interested.

That the court had power to relieve from his default one who had filed objections to such a report one day too late.

That section 724 of the Code of Civil Procedure, giving the court power to relieve a party in default through mistake, inadventure, surprise or excusable neglect, was applicable to such a case.

Appeal by the Board of Street Opening and Improvement of the City of New York from an order, entered in the office of the clerk of the city and county of New York on the 19th day of May, 1891, granting the motion of Martin B. Brown for permission to file objections to the report of the commissioners of estimate and assessment herein, and to present oral and written testimony, and to be heard in person or by counsel in support thereof.

*Carroll Berry*, for the City of New York, appellant.

*James A. Deering*, for Martin B. Brown, petitioner, respondent.

INGRAHAM, J.:

The respondent omitted to file his objections with the commissioners until the day after the time required by the notice published by them, and this is an appeal from an order made at Special Term granting leave to file such objections.

The first question presented is, whether or not the court had power to allow the respondent to file the objections after the time had expired.

It seems clear that this is a special proceeding within the provisions of section 3334 of the Code. By section 3333 it is provided that an action is an ordinary prosecution in a court of justice by a party against another party for the enforcement or protection of a right, or the redress or prevention of a wrong, or the punishment of a public offense. And by section 3334, every other prosecution by a party for either of the purposes specified in the last section is a special proceeding.

This proceeding was instituted by the mayor, aldermen and commonalty of the city of New York for the purpose of acquiring the title to certain real estate for use as a public street. Such a proceeding is instituted by the municipal corporation applying to the court, on notice to those interested, for the appointment of commissioners of estimate and assessment, who report to the court, but whose report possesses no validity until confirmed by the court, and by the confirmation of such report, it becomes the judgment of the court, conclusive in its character. In the *Matter of Arnold*, (60 N. Y., 27); *Dolan* v. *The Mayor, etc.* (62 id., 474), where RAPALLO, J., says: The Supreme Court "acquired jurisdiction of the matter by the application of the city for the appointment of commissioners, and all the parties interested had an opportunity then to litigate the validity of the resolution ordering the improvement. * * * That proceedings for such assessments are conducted before the court, and its confirmation of the report of the commissioners is a judgment pronounced on a full hearing of the parties, and conclusive in its character as to all questions litigated, or which might have been litigated in the proceeding." And it was held that this principle precludes a review of the regularity of such a proceeding

in an action by the party assessed, unless, perhaps, in case of such a fraud or other circumstance as would authorize an action to set aside an ordinary judgment.

This proceeding, therefore, being a proceeding before the court in which its final judgment is a conclusive adjudication upon all persons interested, it clearly falls within the definition of a special proceeding as defined by section 3334 of the Code before cited, and all the proceedings, either before the court or before the commissioners appointed by the court, are in court and subject to its control.

That the court has inherent power over its own judgments and proceedings to make such order as justice requires to relieve a party from a default or a mistake, and that such power is not limited by the Code is well settled. (See *Hatch* v. *Central Nat. Bank*, 78 N. Y., 489, and cases there cited.)   But if express authority for such an order was necessary, it is found in section 724 of the Code, where the court has power to relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect, and may supply an omission in any proceeding.

In the *Matter of One Hundred and Eighty-first Street*, this court, at Special Term set aside the order confirming the report of the commissioners, and allowed a property owner to come in and file objections to the award.   There the court not only allowed the petitioner to file his objections, but set aside the report and order confirming the report so as to allow him an opportunity to be heard.

This order was affirmed by the General Term (see 35 N. Y. St. Rep., 548); and by the Court of Appeals (126 N. Y., 641); and is ample authority for the order of the court below.

In this case the objections of the respondent were tendered to the commissioners one day too late, and the affidavits upon which the motion was granted excuses the omission so as to justify the court in relieving him from the default.

We think, therefore, the court below had power to grant the order appealed from, and that, under the circumstances, such power was properly exercised.   Order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements.

DANIELS, J., concurred ; VAN BRUNT, P. J., concurred in the result.

Order affirmed, with ten dollars costs and disbursements.