effect of the evidence on any ground that it was not pleaded. All the evidence was open for the consideration of the jury, and the plaintiff was entitled to have it considered, and to the benefit of all the facts proven. Collins v. Butler, 179 N. Y. 156, 71 N. E. 746.

After a careful reading of the case of Johnson v. City of Albany, 86 App. Div. 567, 83 N. Y. Supp. 1002, to which our attention has been called, we are still of the opinion that we have taken the correct view of this case.

The case was properly submitted to the jury, and, there being sufficient evidence to warrant the verdict, the judgment and order appealed from must be affirmed, with costs. All concur.

---

### In re WHITE PLAINS ROAD OF CITY OF NEW YORK.

### In re GRACE METHODIST EPISCOPAL CHURCH OF WAKEFIELD.

(Supreme Court, Appellate Division, Second Department. June 9, 1905.)

OPENING STREETS—DAMAGES—HEARING—POWER OF COMMISSIONERS TO REFUSE
—STATUTE.

Where commissioners of estimate appointed under Greater New York Charter (Laws 1901, p. 405, c. 466, tit. 4), concerning the opening of streets, have filed a preliminary abstract of their estimate of damages and the report has been confirmed by the court, on the subsequent filing of a new plan for the work, showing a proposed change of grade, while the commissioners are still in office, not having completed their report in respect to the assessments for benefits, they cannot, in view of section 980, requiring them to make a just assessment of the loss and damage which will accrue, decline to hear the claim of a property owner aggrieved by the proposed change of grade on the ground that on the confirmation of the report it became a judgment, and that they thereby became functi officio, so far as questions relating to damages are concerned, nor on the ground that the aggrieved property owner should be left to the remedy under section 951 (page 400) respecting compensation for damages on account of change of grade.

Appeal from Special Term, Kings County.

In the matter of the application of the mayor, aldermen, and commonalty of the city of New York relative to acquiring lands for the purpose of opening White Plains Road. From an order denying the motion of the Grace Methodist Episcopal Church of Wakefield, N. Y., to require the commissioner to hear its claim for damages, it appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, HOOKER, and MILLER, JJ.

F. W. Hottenroth (Ferdinand Pecora, on the brief), for appellant.
John P. Dunn (Thomas C. Blake, on the brief), for respondent.

MILLER, J. This is a street-opening proceeding, taken pursuant to section 970 et seq. of the Greater New York charter (Laws 1901, p. 405, c. 466). Commissioners of estimate and assessment were duly appointed in January, 1900, and, upon being so authorized by a majority vote of the members of the board of estimate and apportionment, they made and filed a preliminary abstract or

report of their estimate of damages to property owners, which was confirmed by an order of the court in November, 1902. By this report the appellant was awarded damages or compensation for that portion of its property acquired by the city for the proposed widening of the street in question. A plan and profile showing the proposed widening, extending, and grading was filed in the respective offices, as required by statute, in July, 1899, prior to the appointment of commissioners. In October, 1903, after the confirmation of the preliminary report aforesaid, this map or plan was changed by the filing of a new plan showing a proposed change of grade of five feet. The commissioners are still in office, not having completed their report in respect to assessments for benefits, but they have declined to hear the claim of the appellant for injury or damage to its property not taken for the proposed widening occurring by reason of said change in the plain in respect to grade; and the respondent insists upon this appeal that the preliminary report as to damages, having been made and confirmed, has become a judgment, and that the commissioners have become functi officio, so far as the determination of any question relating to damages; and, second, that in any event they should not now be required to consider the question of damages occurring by reason of change of plan since the making of the preliminary report, for the reason that that will necessitate a revision of all their work in respect to the assessments for benefits, as any additional awards for damages will necessarily have to be included in said assessments, but that the petitioner should be left to the remedy provided by section 951 (page 400) of the charter.

It is undoubtedly true that the preliminary report, when confirmed, becomes a judgment of the court, and, unless reversed, modified, or vacated, in respect to all matters determined by it is final and conclusive, and in respect to such matters the commissioners are without further power; but the court has control of its own judgments, and, in a proper case, can vacate or modify them. It was held in Re Opening of One Hundred and Eighty-First Street (Sup.) 12 N. Y. Supp. 345, that an order confirming the report of commissioners of estimate and assessment could be modified by requiring the commissioners to include in their report a parcel omitted by mistake. Section 980 (page 411) specifies the matters to be determined by the commissioners. They are to "ascertain and estimate the compensation" which ought to be made to the owners for the lands, etc., required for the improvement; also "the benefit and advantage of such improvement to the respective owners," etc.; also, if they "shall judge that any intended regulation will injure any building or buildings not required to be taken for the purpose of opening, extending, enlarging, straightening, altering or improving such street," etc., they shall "make, together with the other estimates and assessments required by law to be made by them, a just and equitable estimate and assessment of the loss and damage," and include the same in their report and in the assessment for benefit. Section 979 (page 410) provides that they may obtain from the city of New York "a profile or plan, if they shall deem

the same useful, showing the intended regulation of the street, or part of a street, with regard to the opening of which they have been appointed, as to the elevation or depression thereof, after the same shall be opened, extended, enlarged, straightened, altered, or otherwise improved, as the case may be." It is clear that the proposed change of grade is an incident to the widening of the street for which this proceeding was instituted. By section 974 (page 408) the court is given power, in such manner as it may direct, "to amend any petition, pleading, proceeding or order, or to supply any defect therein, arising in the course of any special proceeding." If it should now be discovered that the preliminary report already confirmed had omitted parcels necessary to be included, it could scarcely be urged that the court could not amend the proceedings by directing a supplemental report, so as to include such parcels. The report already confirmed will not be affected by requiring the commissioners to determine and report damages to accrue by reason of the change in the proposed regulation of the street made subsequent to the confirmation of such report; nor is there any force in the suggestion that the petitioner should be remitted to the remedy afforded by section 951, which is a part of title 2 of chapter 17, and relates wholly to assessments for local improvements other than those confirmed by a court of record. If this proceeding related merely to a change of grade, damages therefor would have to be determined in the manner provided by said title 2 by the board of assessors, who are required to determine the damage, and assess it upon the property benefited, as a part of the expenses of such grading, and their proceeding is subject to review by the board of revision of assessments. While it is not necessary now to determine the question, it may be doubted whether the board of assessors have the power to determine such damage and assess it upon the property benefited, where the change of grade is a mere incident to the widening of a street, which is provided for by title 4 of said chapter, pursuant to which the damages must be determined and the assessment made by commissioners appointed by the court, whose report must be confirmed by the court. There can be no good reason why there should be two separate proceedings where one will suffice. Such damage is to be included in the assessment upon the property benefited, and it would seem that the commissioners before whom the matter is now pending, and who have been considering it for upwards of four years, could more expeditiously and correctly determine the damage, and make an assessment therefor, than can the board of assessors, who would have to take the matter up de novo. The fact that the commissioners have heard the evidence relating to benefits to result from the proposed improvement should enable them the more readily to assess whatever additional damage they may find the property owners may suffer by reason of the change in plan. In view of the fact that the commissioners in the proceeding now pending are required to make "a just and equitable estimate and assessment of the loss and damage which will accrue by and in consequence of such intended regulation," we are of the opinion that all questions respect-

ing damages and assessments should be determined in this proceeding, irrespective of the question whether the board of assessors in some subsequent proceeding might have the power to determine the damage occurring by reason of the change of grade.

The order should therefore be reversed, and the commissioners should be directed to make a just and equitable estimate and assessment of the loss and damage which will accrue by and in consequence of the change of grade made by the map or plan filed October 6, 1903, and to include the same in their final report, or in a supplemental preliminary report and in the assessment for benefit.

Order reversed, with $10 costs and disbursements, and motion granted, with costs. All concur, except HOOKER, J., not voting.