### In re PROSPECT STREET IN CITY OF NEW YORK.

(Supreme Court, Special Term, Queens County. June 20, 1912.)

**1. DEDICATION (§ 19*)—CONVEYANCE WITH REFERENCE TO MAP.**

The filing of private maps in the county clerk's office showing a certain street, and the making of conveyances of land described as fronting on such street and with reference to such maps, was a sufficient offer to dedicate the land within the lines of the street as indicated on the maps.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 35, 37–47; Dec. Dig. § 19.*]

**2. EMINENT DOMAIN (§ 82*)—CONDEMNATION PROCEEDINGS—COMPENSATION.**

Where land condemned for a street is already subject to a public easement of right of way, compensation should not be made to the owners for buildings erected thereon.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 215–219; Dec. Dig. § 82.*]

**3. EMINENT DOMAIN (§ 82*)—CONDEMNATION PROCEEDINGS—STREET—COMPENSATION.**

Where abutting owners whose buildings project over damage parcels burdened only with private easements do not own the fee of such damage parcels, they are not entitled to compensation for the taking of the projecting parts of such buildings, unless they have acquired an easement by prescription or otherwise to maintain such encroachments.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 215–219; Dec. Dig. § 82.*]

**4. EMINENT DOMAIN (§ 101*)—CHANGE OF GRADE—DAMAGES.**

The damages for a change of grade may include damages to buildings in addition to the cost of restoring access.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 269, 270; Dec. Dig. § 101.*]

**5. EMINENT DOMAIN (§ 101*)—CHANGE OF GRADE—DAMAGES.**

Under Greater New York Charter (Laws 1901, c. 466) §§ 979, 980, prescribing certain powers of the commissioners of estimate and assessment in street opening proceedings, and dealing with the ascertainment of damages and benefits, the commissioners are authorized to make awards only for damages caused by an "intended regulation" of a street and not for a change of grade made prior to their appointment.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 269, 270; Dec. Dig. § 101.*]

Proceedings by the City of New York to acquire lands for the opening of Prospect Street. On motion to confirm Commissioners' report. Motion denied, and report returned to Commissioners for reconsideration.

Archibald R. Watson, Corp. Counsel (Joel J. Squier, Walter C. Sheppard, and John P. Smith, of counsel), for City of New York.

Alexander Brough, Dessar & Ridgway, Joseph A. Flannery, Foster & Foster, Thomas W. Henry, Hugo Hirsh, and John R. McMullen, for claimants.

BENEDICT, J. This is a motion to confirm the report of commissioners of estimate and assessment in a proceeding to acquire certain lands for the opening of Prospect street.

[1] (a) The corporation counsel objects to the confirmation of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

report in so far as it awards damages to certain abutting owners for parts of buildings extending over the lines of the street. It is claimed on the part of the city that prior to the institution of this proceeding Prospect street had been dedicated to the public as a street, and that the dedication had been accepted. Several private maps filed in the Queens county clerk's office were put in evidence, showing Prospect street as now laid out; and conveyances of parcels of land described as fronting on such street, and made with reference to such maps, were also put in evidence. This was sufficient to show an offer to dedicate the land within the lines of the street as indicated on the maps. Lord v. Atkins, 138 N. Y. 184, 33 N. E. 1035; People v. Underhill, 144 N. Y. 316, 322, 39 N. E. 333; Matter of Hunter, 163 N. Y. 542, 547, 57 N. E. 735, 79 Am. St. Rep. 616. As concerns damage parcels 126 to 140, it would seem that the Scott map referred to in some of the deeds presented by property owners, and in one of those presented by the corporation counsel (deed from Catharine P. Scott to William W. Wickes, affecting damage parcels 141 to 147), should have been put in evidence to perfect the proof of dedication, although this may not have been strictly necessary. There seems to have been sufficient proof of acceptance to require the commissioners to find that a public easement had been created over the land lying within the lines of Prospect street between Hunter and Webster avenues, for some portion of its length at least.

[2] I think that the commissioners were in error in awarding damages for the taking of stoops and other parts of buildings which encroached on such portions of the street as had been dedicated to public use and accepted by the public, and this without regard to whether or not the abutting owner owned the fee to the center of the street subject to the public easement. It has been held that, where land to be taken for a street is subject only to private easements of right of way, compensation should be made to the owners for buildings erected thereon. Matter of Mayor [Summit Ave.], 84 App. Div. 455, 461, 82 N. Y. Supp. 1027; Matter of Starr Street, 73 Misc. Rep. 380, 388, 131 N. Y. Supp. 71. But I think a different rule should be applied where the land is subject to the public easement. Matter of Starr Street, 73 Misc. Rep. 388, 131 N. Y. Supp. 71:

[3] Abutting owners, if any, whose buildings project over damage parcels burdened only with private easements, but who do not own such damage parcels, would not be entitled to compensation for the taking of the parts of such buildings so projecting, unless they had acquired an easement, by prescription or otherwise, to maintain such projections upon the land of another.

As the matter must be referred back to the commissioners, I do not decide whether or not there had been a dedication and acceptance of the whole street covered by this proceeding, leaving it to the commissioners to determine for how much of its length the street was subject to the public easement at the time of the commencement of this proceeding. On the rehearing any party interested may offer further proof on this question.

(b) Several of the property owners object that the damages awarded for changes of grade were too small, comprising only the actual cost of restoring access, and without making any allowance for decrease in value by reason of the change after access is restored. Complaint is also made because after making their preliminary report, or after their open hearings were closed, the commissioners refused to receive evidence of damage from such property owners. It is also claimed by some of the property owners that, if the awards made for the taking of buildings hereinbefore considered are illegal, their awards for damages for changes of grade should be increased.

[4] It is obvious that the mere cost of restoring access would not be in every case an adequate award for damages by reason of change of grade; as, for example, where the building is left at a considerable height above the established grade. The commissioners seem to have taken as their awards the amounts testified to by the city's expert witness as the cost of restoring access in several instances where the buildings are or may be permanently reduced in value; as, for example, in those cases where the buildings, after access 'is restored, are left considerably above grade. I think, therefore, that an opportunity should be afforded to the objectors who wish to do so to put in evidence of any damages to their buildings by reason of changes of grade.

The question whether the striking out of awards for taking parts of buildings, because of the dedication of the street, should result in increasing the awards for changes of grade, I leave for the commissioners to determine in each case as justice requires.

[5] (c) With respect to the objection of Daniel Callahan, Margaret Haynes, and Joseph Mahon, that no award was made for a change of grade made prior to the appointment of the commissioners herein, it is sufficient to say that the statute authorizes the commissioners to make awards only for damages caused by an "intended regulation" of the street. They have no jurisdiction of past changes of grade. Greater N. Y. Charter, §§ 979, 980.

I think the whole report should be returned to the same commissioners for the reconsideration of their awards in accordance with the principles enunciated in this opinion, and for such revision of their assessments as the reconsideration of the awards may entail.