giving up any valuable thing is a sufficient consideration in a contract, and includes the return and resuming of the marital relations after having been so separated. A consideration has been well defined as consisting of—

"any act of the plaintiff from which the defendant or a stranger derives a benefit or advantage, or any labor, detriment, or inconvenience sustained by the plaintiff, however small the detriment or inconvenience may be, if such act is performed or inconvenience suffered by the plaintiff with the consent, express or implied, of the defendant." 5 Lawson's Rights and Remedies, § 2244, p. 3762, and cases cited.

The defendants are entitled to judgment, with costs. Settle findings on notice.

---

(77 Misc. Rep. 479.)

### In re THIRTEENTH AVE. IN THE BOROUGH OF QUEENS, CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County. August 7, 1912.)

MUNICIPAL CORPORATIONS (§ 385*) — STREETS — "INTENDED REGULATION" — CHANGE OF GRADE—DAMAGES.

The "intended regulation" of a street, for which Greater New York Charter (Laws 1901, c. 466) §§ 979, 980, authorize commissioners of estimate in a street opening proceeding to make awards of damages, is one to be made in connection with the opening, and does not apply to a change of grade wholly independent of the street opening proceedings, whether or not the actual grading is completed before commencement of such proceedings.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 925–928; Dec. Dig. § 385.*]

Application by the City of New York to acquire title to land and premises required for the opening and extending of Thirteenth Avenue (although not named by proper authority) from Jackson Avenue to Flushing Avenue, in the First Ward, Borough of Queens. Heard on motion to confirm the report of Commissioners of Estimate and Assessment. Report confirmed.

John R. McMullen, for the motion.

Archibald R. Watson, Corp. Counsel (Millard F. Kuh, Walter C. Sheppard, and Joel J. Squier, of counsel), for City of New York.

Hugo Hirsh (Thomas W. Henry, of counsel), for an objector.

Harold C. Knoeppel, for objectors.

BENEDICT, J. In Matter of Prospect Street, 135 N. Y. Supp. 1034, 1036, I held that commissioners of estimate in a street opening proceeding could not make an award for damages resulting from a change of grade made prior to their appointment. The present case differs from the case cited, in that the physical work of changing the grade of the street in question had not, as is claimed by the objector

and as I shall assume, been completed when the commissioners were appointed. But it had been initiated by the local board of improvements and approved and authorized by the board of estimate, and the contract for the work had been let, long before the appointment of the commissioners. I do not think that the fact, if it be the fact, that the work was not actually completed at the time of the appointment of the commissioners, brings this case within the provisions of the charter (Laws 1901, c. 466) authorizing the commissioners to make an award for damages resulting from an "intended regulation" of the street (sections 979, 980). Section 979 provides in part that the commissioners may order:

"A profile or plan * * * showing the intended regulation of the street or part of a street, with regard to the opening of which they have been appointed, as to the elevation or depression thereof, *after the same shall be opened*, extended, enlarged, straightened, altered or otherwise improved, as the case may be, and also profiles or plans * * * showing the intended regulation of the adjacent street or streets, as to the elevation or depression thereof, *after such improvement.*"

Section 980, as in force at the time of the appointment of the commissioners in this proceeding, provided, among other things, as follows:

"If the said commissioners of estimate and assessment shall judge that any intended regulation will injure any building or buildings not required to be taken for the purpose of opening, extending, enlarging, straightening, altering, or improving such street or part of a street, they shall proceed to make, together with the other estimate and assessments required by law to be made by them, a just and equitable estimate and assessment of the loss and damage which will accrue, by and in consequence of such intended regulation, to the respective owners, lessees, parties and persons, respectively, entitled unto or interested in the said building or buildings so to be injured by the said intended regulation; and the sums or estimates of compensation and recompense for such loss and damage shall be included by the said commissioners in their report and included in the assessment for benefit."

No substantial change, so far as the question now under consideration is concerned, has been made by subsequent amendments.

The "intended regulation" contemplated by these sections is obviously a regulation to be made in connection with the opening of the street; and they do not apply to a change of grade which is wholly independent of the street opening proceedings, as is the case here, whether the actual work of grading is completed at the time of the commencement of the street opening proceedings or not.

The authorities cited on behalf of the objector serve to confirm this conclusion. In Matter of Mayor, Perry Avenue, 118 App. Div. 874, 878, 103 N. Y. Supp. 1069, 1072, First Department, the profile map was, it is true, filed prior to the appointment of the commissioners; but it is apparent that the regulation was not intended to be made until after the acquirement of the land condemned, for the Appellate Division said:

"It is said that Perry avenue was actually worked and used as a street, at its natural grade, for some time before proceedings for its acquisition by the city were initiated; but the profile map filed in 1895 shows that it is proposed, *after acquisition*, to raise its grade about 10 feet."

And in Matter of Mayor, White Plains Road, 106 App. Div. 133, 136, 94 N. Y. Supp. 110, 112, Second Department, the court said:

"It is clear that the proposed change of grade is an incident to the widening of the street for which this proceeding was instituted."

The objection interposed on behalf of the owner of damage parcel No. 92-A is therefore overruled.

With respect to the claim of the owners of damage parcel No. 171 for damages for the closing of Fourteenth avenue, I understand from the briefs that the Corporation Counsel and the counsel for the claimants have agreed that this claim shall be presented to the same commissioners; but whether as part of this proceeding, or as an independent proceeding, they do not seem to have wholly agreed. That matter can be determined on the settlement of the order.

Subject to proper provisions for the presentation of this claim, the report of the commissioners will be confirmed. Settle order on notice.