(156 App. Div. 537.)

### In re PARKER ST. IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 2, 1913.)

EMINENT DOMAIN (§ 237*)—PROCEEDINGS—AMENDMENT.

In view of Greater New York Charter (Laws 1901, c. 466) § 974, providing that, if it shall at any time be found necessary to amend any petition, pleading, proceeding, or order, or supply any defect therein, "arising in the course of any special proceeding authorized by this title," the same may be amended by the Supreme Court, an order confirming the report awarding damages for taking land shown on the damage map as a vacant lot may be amended, so as to award damages for the house on the lot, on notice to all appearing in the proceedings, on a showing that there was in fact a house on the lot.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.*]

Appeal from Special Term, New York County.

In the matter of the application of the City of New York relative to acquiring title, wherever the same has not been heretofore acquired for the same purpose in fee, to the lands, etc., required for the opening and extending of Parker street (avenue), although not yet named by proper authority, from Protectory avenue to Wellington avenue, in the Twenty-Fourth Ward, Borough of the Bronx, City of New York. From an order resettling and amending nunc pro tunc an order confirming a report of the commissioners of estimate and of the commissioners of assessment in a street opening proceeding, an appeal was taken. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Benjamin Trannell, of New York City, for appellant.
L. Howell La Motte, of New York City, for respondent.

SCOTT, J. This appeal presents an unusual and somewhat embarrassing state of facts. In June, 1910, commissioners of estimate and a commissioner of assessment were appointed in this proceeding. They proceeded with the execution of their duties and in due course presented their final report, which was in all things confirmed by an order entered on October 1, 1912. Upon the damage map was a lot, known as "Damage Parcel No. 9," situated at the corner of Castle Hill avenue and Old Parker street. Upon the damage map this plot of land was represented as a vacant lot, and it was assumed throughout the proceeding that it was vacant, and an award made for it upon that assumption. The owner of the parcel did not appear, either personally or by attorney, before the commissioners or upon the motion for confirmation of the report. After the confirmation of the report, and before the motion resulting in the order appealed from, the city of New York had paid out a considerable part of the awards for damage, and had collected a certain proportion of the assessments for benefit.

In December, 1912, the corporation counsel was advised by the owner of the parcel that there was a substantial house upon it, which

had been erected prior to the commencement of this proceeding, and which had been taken by the city, and for which no award had been made. Investigation proved that this was true, and the corporation counsel thereupon moved, upon notice to all who had appeared in the proceeding, that the order of confirmation be so amended as to permit a rectification of the error. One of the owners of property assessed for benefit opposed the motion, and now appeals from the order entered thereon.

The amendment of the order of confirmation consists of the inclusion therein of the following clauses:

"Ordered, that the said report as to awards for damage of the said commissioners of estimate as to damage parcel No. 9, in so far as it relates to the building located thereon, be and the same hereby is returned to the said commissioners of estimate, with directions to make an award for the damage sustained by reason of the taking herein of the building located on said damage parcel No. 9, and to make a supplemental and additional report in relation thereto without unnecessary delay; and it is further ordered, that the said commissioner of assessment be and he hereby is directed to make an additional assessment for benefit over and above the assessment for benefit already made by the said commissioner of assessment and confirmed by this court, and to make a supplemental and additional report in relation thereto without unnecessary delay."

The appellant argues with much insistence that the order confirming the report is a final order, conclusive upon all parties, and that it cannot be amended or modified, so as to provide for an additional assessment, save in the single case of an appeal provided for in section 988 of the Greater New York Charter (Laws 1901, c. 466). It is not contended that the owner of the property omitted from the report should not receive redress in some way; but it is insisted that the only way open under the charter is to vacate the entire proceedings and refer the whole matter back to the same or new commissioners, to make awards and assessment de novo. We fully recognize the embarrassments that may arise in some cases in consequence of a second assessment upon a plot upon which, perhaps, the original assessment may have been paid; but to vacate all the awards and assessments would apparently result in like, or perhaps greater, embarrassments.

It is clear that the city has inadvertently taken something for which no provision has been made for payment, and it is equally clear that the aggrieved owner is entitled to some redress. It is not merely a case of undervaluation. If it were, it would probably be held that he was too late in asking relief. It is a case of omission, and stands precisely upon the same footing as if it were a case in which by a surveyor's error a plot of land had been omitted from the damage map. Such a case was presented in Matter of 181st Street, 12 N. Y. Supp. 345,[1] wherein a similar order to the one now under consideration was affirmed by the General Term in this Department and by the Court of Appeals. 126 N. Y. 641, 27 N. E. 852. At the Gen-

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 58 Hun, 609.

eral Term, the late Mr. Justice Van Brunt, writing for the court, disposed of the objection to such an order in the following language:

"The papers upon appeal in this case show a clear mistake in reference to the failure to make an award for the land of the appellee Fitzgerald taken for the opening of the street; and that in some form she should have redress seems to be apparent. * * * There is no question of fact upon either side, and it is apparent that the land of the appellee should not be taken without compensation. As an insuperable objection, it is urged upon the part of the appellants that the order cannot be partially set aside, but that, if any relief whatever is granted, the whole proceeding confirming the assessment must be vacated. Although there is some force in this objection, yet, as an order confirming a report of commissioners of estimate and assessment is a judgment of the court, we see no reason why, in a proper case, the ordinary power of the court to modify its decrees should not be possessed by the court awarding this judgment."

Very recently that case was cited with approval by this court. Matter of the Mayor, 106 App. Div. 133–135, 94 N. Y. Supp. 110. The result arrived at in this case will be precisely the same and no more embarrassing than was the order made by the Court of Appeals in Matter of City of New York (Jerome Avenue) 192 N. Y. 459, 85 N. E. 755, where an assessment erroneously made upon the Woodlawn Cemetery was directed to be redistributed and assessed upon other benefited property, which had already been once assessed for the improvement.

So far as concerns the conclusiveness of the order of confirmation, it was said long ago with reference to a section in the street opening act which provided that a report when confirmed shall be final and conclusive:

" * * * That provision was aiming at a regular confirmation of a report free from material fraud or mistake. It plainly never intended to give a vested interest in a mistake, and irregularity, or a fraud, whereby important rights or property were acquired or lost. It had reference simply to an appeal upon the merits, and is satisfied with that." Matter of the Mayor, etc., 49 N. Y. 150.

If specific statutory authority were required to support the order appealed from, it may be found in section 974 of the charter which provides:

" * * * If, in any particular it shall, at any time be found necessary to amend any petition, pleading, proceeding or order, or to supply any defect therein, arising in the course of any special proceeding authorized by this title, the same may be amended or supplied in such manner as shall be directed by the Supreme Court, which is hereby authorized to make such amendment or correction."

The order appealed from must be affirmed, with $10 costs and disbursements. All concur.