## TRUSTEES OF CINCINNATI SOUTHERN RAILWAY v BANNING

Ohio Appeals, 1st Dist, Hamilton Co

Decided Feb 22, 1922

SAYRE, MIDDLETON and MAUCK, JJ, (4th Dist), sitting.

Buchwalter, Headley & Smith, Cincinnati, for plaintiffs in error.

Theodore Horstman, Cincinnati, for defendant in error.

SAYRE, J.

This was an action to appropriate real estate for railroad purposes, and the errors assigned relate to the admission and rejection of evidence, the charge of the court, and error assigned in a cross petition in error.

In our judgment the trial court was right in permitting the witnesses offered by the defendant to testify as to the value of the property sought to be appropriated. They were qualified to pass on the market value of the property because they were business men of large experience, acquainted with the property and property in the neighborhood, and had knowledge of the value of this particular kind of property. What weight the jury would attach to their testimony we need not discuss, but they were not incompetent to testify on the question of the market value.

Complaint is made of the exclusion of plaintiff's exhibit "E." The defendant offered evidence of the cost of a new siding amounting to $4500.00. Exhibit "E" is a proposal by the C. N. O. & T. P. Railway, lessee of The Cincinnati Southern, to take up the existing spur track and at its own expense re-construct the same upon the new

location. The purpose of this was to have the jury allow no damages to defendant on account of the cost of the new spur track on the proposal of a third person, not a party to the suit, to build one. The mere statement of the purpose of the evidence is sufficient, we believe, to show its inadmissibility.

Plaintiffs were trying to show by the witness Eubanks the rental value of other property than the tract sought to be appropriated and that a removal clause in certain leases did not affect the rental value. The rental value of other property seems to us incompetent, and the court was justified in excluding the evidence.

Edward T. Rockwell had assessed the property for taxation in 1917, and was called and asked what valuation he put on the property at that time. The evidence was properly excluded, if for no other reason that it is the present market value which the jury should know, and not what it was four years ago; besides, the witness should testify as to what his judgment is now, and not what it was four years ago.

It is contended that special charge number one offered by plaintiffs should have been given and that the court erred in refusing it. The appropriation will necessitate the removal of two of defendant's buildings, which are partly located on the street. Since the plaintiffs represent the City of Cincinnati, it is argued that the city should not pay for removal of a building unlawfully in the street. This contention is met by the statement that the evidence shows that Seventh Street is a mere paper street, that no one has questioned the right of Mr. Banning to use the street, that it is not in the interests of the city to eject him, and that probably he may have title by adverse possession. The plat (Exhibit 3) was offered in evidence by the defendant. It locates Seventh Street and Eighth Street, and on the plat at the place designated Seventh Street these words appear: "Seventh Street as dedicated"; and throughout the case Seventh Street is treated as a public street of the city, although owing to its location it may not be used to any considerable extent. In view of these facts we take it that the defendant is estopped to deny that Seventh Street is a dedicated street of the City of Cincinnati.

We are of the opinion, also, that the defendant could not recover for the expense of the removal of any part of the buildings located in the street. If defendant acquired title by prescription to the part of the street the buildings stand on, he was bound to prove it, as the court could not presume such to be the fact. Seventh Street, being a public street of the city, the sheds were in the street at the will of the city, and the plaintiffs, representing the city, could not be required to pay for the cost of removal. (In Re Prospect Street in City of New York, 135 N. Y. Supp., 1034). The Court of Appeals of New York has held that there could be no damage to the owner of buildings who held under a revocable license when the same was appropriated by the city. (In Re Waterfront on North River in the City of New York, 193 N. Y., 117, 85 NE 1064-65). Now if such owner could not recover damages for the appropriation of buildings erected or maintained under a revocable license then a person who erects and maintains a building by the mere sufferance of the city can not recover damages for the cost of the removal from the street.

The cost of the removal of the two buildings is estimated at $1,169.74.

The defendant has filed a cross petition in error and complains of the finding of the jury as to the value of a loading platform, which is fixed at $1500.00. The evidence of Mr. Leroy, witness for defendant, places the value of a loading platform at $4,819.62; and the evidence of Mr. Chamberlain, witness for the plaintiffs, as interpreted by counsel for the defendant, places the value at $2,489.00. So if the jurors believed Chamberlain's estimate rather than Leroy's and this they must have done in view of the verdict, the proper amount is about $1,000.00 more than the amount found by the jury, and in this conclusion we find manifest error to the prejudice of the defendant.

We find, therefore, error to the prejudice of the plaintiffs in refusing to give plaintiff's special request, and error to the prejudice of the defendant in the value of the loading platform.

It appears from the evidence that the cost of the removal of the building will amount to about $1,200.00, and presumably the jury included that in the verdict. On the other hand, the value of a loading platform should have been increased about $1,000.00, and probably $1,200.00. In either case the jury had to depend on estimates, and it is fair to conclude that the error which works injury to the plaintiffs is probably balanced by the error which works injury to the defendant. Indeed, we are unable to say that the verdict, as a whole has resulted prejudicially to either party. On the contrary, we feel that nothing would be gained by a reversal and a new trial, and that substan-

tial justice has been worked out in the case. The judgment will, therefore, be affirmed.

MIDDLETON and MAUCK, JJ, concur.