In re Estate of Bloch: Bloch et al., Appellants, *v.*
Department of Taxation, State of Ohio, Appellee.

(No. 8462—Decided October 13, 1958.)

*Messrs. Paxton & Seasongood* and *Mr. Robert P. Goldman,*
for appellants.

*Mr. William Saxbe,* attorney general, *Mr. John M. Tobin*
and *Mr. S. Noel Melvin,* for appellee.

Long, J. This is an appeal on questions of law from a judgment of the Probate Court of Hamilton County. The executors of the estate, among other objections, objected to the amount of the appraisal of the real estate owned by decedent, located at 946 Redway Avenue, Cincinnati, Ohio, fixed by the Department of Taxation of the state of Ohio, and duly filed their exceptions to such determination. The value fixed by the Department of Taxation was $30,740.

The matter came on for hearing before the Probate Court; two witnesses were offered by the executors and one by the Department of Taxation. The executors complain that it was error for the trial court to admit the testimony of Reusch, the sole witness for the Department of Taxation, to the effect that the property in question was on the tax duplicate, in 1955, for $30,900; and, further, they claim that, with this testimony taken from the consideration of the court, the judgment is against the weight of the evidence. With this view, this court agrees.

We have examined the law cited to us in the briefs and read other authorities, and we are convinced that tax value, particularly two years before, is not admissible for the purpose of es-

tablishing the actual or real value of the real estate. The question to be determined here is the value of the real estate on March 20, 1957, the date of the death of the testator. Reusch, the head of the crew which appraised the real estate in 1955, two years before decedent's death, did not give his opinion, as he could have, as to the value of the real estate at the date of the death of the testator. Reusch was asked:

"Q. What is the tax value?

"Objection.

"The Court: What is the amount it is on the tax duplicate for? He may tell us that.

"A. $30,900."

The witnesses for the executors, who testified as experts, fixed the value as follows:

Strauss—$17,000. Mayer—$19,000.

With the exception of testimony as to sales of property in the neighborhood, this was the sole evidence as to the value of the real estate in question. The tax duplicate value in 1955 is not determinative as to the value of the real estate on March 20, 1957, except to suggest an inference that the court might draw from the fact that if the property were on the tax duplicate for $30,900 in 1955, it was possibly worth that much two years later. It is apparent that the Department of Taxation and the trial court took the tax value of the property in 1955 as its approximate value on March 20, 1957, to wit, $30,740. In the case of *Trustees of Cincinnati Southern Railway* v. *Banning,* 12 Ohio Law Abs., 259, decided February 22, 1922, by this court, in an appropriation proceeding, it was held that evidence of the assessed value of real estate for taxation four years prior to the suit was inadmissible. Again, in *Bana* v. *Pittsburgh Plate Glass Co.* (1947), 48 Ohio Law Abs., 594, 76 N. E. (2d), 625, the Court of Appeals of the Ninth Appellate District decided that evidence of tax value is not admissible in an action for damages to land occasioned by trespass thereon.

See, also, 21 Ohio Jurisprudence (2d), 262, Section 243.

For the above reasons, we hold that it was error to admit the evidence of the tax value of the real estate in 1955. With such evidence excluded, the judgment of the trial court is against the weight of the evidence. The judgment of the Probate Court

is, therefore, reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.